IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:22cv434 |
| JUAN GARCIA, ET AL. | § | |

### INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Donald Ray Johnson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Plaintiff names Wardens Juan Garcia and John Delapp, Major Michael McNeil, Sgt. Brandon Brewer, and Officers Logan Elkins and Luis Medina, TDCJ officials at the Coffield Unit.

**I. The Plaintiff's Complaint**

Plaintiff states that on June 16, 2022, Officers Elkins and Medina entered his cell while he slept and assaulted him by attempting to gouge out his eyes and collapse his trachea by pounding on it with closed fists. He says that Sgt. Brewer witnessed this misconduct and failed to correct it, but instead encouraged the continuation of misconduct before engaging in it himself by overextending Plaintiff's middle and ring fingers. Plaintiff also alleges that Major McNeil instructed the officers to carry out the use of force.

Finally, Plaintiff asserts that "Juan Garcia and John Delapp knew of assault / battery and did not correct it." He explains that Warden Garcia is "warden at Coffield who is responsible for all operations. His lack of supervision led to my injuries." He states that Warden Delapp is "assistant

warden of Coffield. Lack of proper supervision and lack of training caused injuries, cruel and unusual punishment."

## II. Discussion

Plaintiff's allegations against Major McNeil, Sgt. Brewer, and Officers Elkins and Medina require further judicial proceedings. These Defendants will be directed to answer the lawsuit.

Plaintiff asserts that Warden Garcia and Warden Delapp are responsible for the operations of the Coffield Unit, failed to take corrective action, and failed to train or supervise the officers involved in the incident. Claims of liability because of the Defendants' positions of authority are claims under the doctrine of *respondeat superior*, or supervisory liability, which does not generally apply in §1983 cases. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1949 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged facts showing that Warden Garcia or Warden Delapp affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See also Wells v. Collier*, civil action no. 9:17cv80, 2020 U.S. Dist. LEXIS 44690, 2020 WL 1248649 (E.D.Tex., March 15, 2020), *aff'd* 834 F.App'x 949, 2021 U.S. App. LEXIS 2940, 2021 WL 364241 (5th Cir., February 21, 2021) (claim that the wardens of the Eastham Unit were "responsible for things at the unit" failed to state a claim upon which relief may be granted because there was no showing that the wardens were personally involved in a constitutional deprivation).

Nor has Plaintiff set forth a viable claim against Warden Garcia or Warden Delapp for failure to train or supervise. The Fifth Circuit has held that in order to maintain a claim for failure to train, the plaintiff must allege facts showing: (1) an actual failure to train; (2) that the failure to train caused a deprivation of the plaintiff's rights; and (3) the failure to train amounted to deliberate

indifference. *Jason v. Tanner*, 938 F.3d 191, 196 (5th Cir. 2019). A claim for failure to supervise requires the plaintiff to allege facts showing an actual failure to supervise, a causal link between the failure to supervise and a violation of the plaintiff's rights, and that the failure to supervise amounted to deliberate indifference. *Hicks v. LeBlanc*, 832 F.App'x 836, 2020 U.S. App. LEXIS 33237, 2020 WL 6164338 (5th Cir., October 21, 2020); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). Conclusory allegations of failure to train or supervise are not sufficient to state a claim. *Silva v. Moses*, 542 F.App'x 308 (5th Cir., October 1, 2013). Plaintiff's conclusory allegations are insufficient to state a claim upon which relief may be granted against Warden Garcia or Warden Delapp, and these two defendants should be dismissed from the lawsuit.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims against the Defendants Warden Garcia and Warden Delapp be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that these two Defendants be dismissed as parties to the lawsuit. The dismissal of these claims and parties should have no effect upon the remaining claims and Defendants in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

  Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

  **So ORDERED and SIGNED this 30th day of January, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE